UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
SHENG-WEN CHENG                                            :
                 Plaintiff,     :
:
     -against-                                          :     23-CV-0229 (VSB)
:
MERRICK GARLAND,                                           :     **ORDER OF SERVICE**
:
                Defendant.     :
:
-----------------------------------------------------------X

<u>VERNON S. BRODERICK</u>, United States District Judge:

      Plaintiff, who is currently incarcerated at the Federal Correctional Institution Sandstone, in Sandstone, Minnesota, brings this *pro se* action seeking a writ of mandamus. By order dated January 31, 2023,[1] the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[2]

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] That order was entered contemporaneously with this one.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Merrick Garland through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant, complete the USM-285 form with the addresses for Defendant, mark the box on the USM-285 form labeled "Check for service on U.S.A.," and deliver all documents necessary to effect service to the U.S. Marshals Service.  The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:  January 31, 2023
        New York, New York

_____
Vernon S. Broderick
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

Merrick Garland, Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue
Washington, D.C. 20530