UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                  :
SHENG-WEN CHENG,                         :
                                  :
                    Plaintiff,        :
                                  :        22-CV-10536 (VSB)
              -against-           :        23-CV-0229 (VSB)
                                  :
UNITED STATES OF AMERICA,     :
                                  :           **ORDER**
                    Defendant.   :
----------------------------------------------------------- :
SHENG-WEN CHENG,                       :
                                  :
                    Plaintiff,        :
                                  :
              -against-           :
                                  :
MERRICK GARLAND,                   :
                                  :
                  Defendant.   :
                                  :
--------------------------------------------------------- X

<u>VERNON S. BRODERICK</u>, United States District Judge:

     *Pro se* Plaintiff Sheng-Wen Cheng ("Cheng") requests the appointment of pro bono class counsel or interim class counsel in case 22-cv-10536, (Doc. 19), a discovery subpoena directing the production of administrative materials (Doc. 27), and extension of time to respond to the Government's pending motion to dismiss or to file an amended complaint, (Doc. 29).[1] The Government has filed motions to dismiss in both cases in the above caption.

     I will hold my decisions on the appointment of discovery and class counsel in abeyance pending Cheng's decision to amend the complaint or respond to the Government's motion. Discovery is premature given the present posture of the case. A decision on the appointment of counsel is also premature. The threshold requirement for determining whether to appoint pro

---

[1] Unless otherwise noted, all Doc. citations are to the case docket in 22-CV-10536.

bono counsel is an assessment of whether a plaintiff's claim "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). It will not be possible to make this assessment until it is clear what the operative complaint is. This determination will not be possible until Cheng has decided whether to amend his complaint or respond to the Government's motions to dismiss.

The decision will be particularly relevant here given the Government's assertions that the policy Cheng challenges is no longer in effect and that his challenge may therefore be moot. (*See* Doc. 22 at 7–11). Additionally, one of Cheng's cases, 23-CV-0229, is a complaint seeking mandamus based on the refusal of FCI Sandstone staff to take certain actions based on the now-defunct policy. *See Cheng v. Garland*, No. 23-cv-229, Doc. 1 at ¶ 12. Cheng has since been transferred to a new facility, (Doc. 29), so it is similarly unclear whether his move to a new facility with different staff moots any part of the complaint in 23-cv-0229, particularly given the intervening change in policy.

Accordingly, it is hereby ORDERED that Cheng respond to the Government's motion to dismiss or file an amended complaint by June 11, 2023.

The Clerk of Court is respectfully directed to mail copies of the Government's motion to dismiss papers at Docs. 22–24 in 22-cv-10536, and Docs. 17 and 18 in 23-cv-229 to Cheng.

SO ORDERED.

Dated:   April 27, 2023
         New York, New York

*[signature: Vernon Broderick]*
VERNON S. BRODERICK
United States District Judge