```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
SHENG-WEN CHENG,                                           :
                                                           :
                          Plaintiff,                       :
                                                           :        23-CV-229 (VSB)
            -against-                                      :
                                                           :              ORDER
                                                           :
MERRICK GARLAND, sued in his official                      :
capacity as Attorney General of United States,             :
                                                           :
                          Defendant.                       :
                                                           :
-----------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

Before me are (1) the motion of Defendant Attorney General Merrick Garland (the "Government"), filed on April 10, 2023, to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, (Doc. 17); and (2) the motion of Plaintiff Sheng-Wen Cheng, filed on June 28, 2023, to strike the Government's reply in support of its motion to dismiss, (Doc. 29). Because Cheng does not meet the standard required to obtain a writ of mandamus, the Government's motion to dismiss is GRANTED, and Cheng's motion to strike is DENIED as moot.

I.  **Background**

On April 20, 2021, Sheng-Wen Cheng pleaded guilty to (1) major fraud against the United States, in violation of 18 U.S.C. §§ 1031 and 2; (2) bank fraud, in violation of 18 U.S.C. §§ 1344 and 2; (3) securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2; and (4) wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. *See United States v. Cheng*, No. 21-cr-261, (S.D.N.Y. Aug. 19, 2021), Doc. No. 33. At sentencing, former District Judge Alison J. Nathan sentenced Cheng to 72 months' imprisonment, followed

by three years' supervised release.  *Id.*  Judge Nathan also ordered that Cheng be removed from the United States to the Republic of China (Taiwan) upon completion of his term of incarceration.[1]  *Id.*, Doc. 34.

On January 10, 2023, Cheng, incarcerated and proceeding pro se, filed this suit against Attorney General Merrick Garland seeking a writ of mandamus to compel the Government to immediately commence proceedings under 8 U.S.C. § 1228(a) and apply his good-time credits, which would purportedly provide for his early release and deportation.  (Doc. 1 ("Compl.").)  Three months later, the Government filed a motion to dismiss the complaint.  (Doc. 17.)  Cheng opposed the motion.  (Doc. 25.)  The Government filed its reply on June 9, 2023.  (Doc. 27.)  On June 28, 2023, Cheng filed a motion to strike the Government's reply, arguing that it impermissibly raised new arguments for the first time.  (Doc. 29.)  The Government did not oppose the motion.

## II.     Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Where, as here, the complaint was filed pro se, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests."  *Hogan v. Fischer*, 738

---

[1] Cheng's expected release date is December 4, 2025.  *See Find an inmate*, Fed. Bureau of Prisons, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results.

F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Id.*

### III. Discussion

#### A. *Writ of Mandamus*

Federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The writ of mandamus is an "extraordinary remedy," *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and "may be awarded only if the plaintiff proves that (1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available," *Benzman v. Whitman*, 523 F.3d 119, 132–33 (2d Cir. 2008). Federal court "jurisdiction under the mandamus statute is limited to actions seeking to compel the performance of a nondiscretionary duty." *Duamutef v. I.N.S.*, 386 F.3d 172, 180 (2d Cir. 2004).

Here, Cheng cannot clear the high bar required to obtain a writ of mandamus.[2] As an initial matter, Cheng has no "clear right" to the initiation of removal proceedings under 8 U.S.C. § 1228(a). *Whitman*, 523 F.3d at 133. Indeed, the statute provides that it shall not be "construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1228(a). The plain text of the statute also makes clear that the Government does not have a "duty to

---

[2] Although the parties dispute whether Cheng has an alternative remedy available to him under 28 U.S.C. § 2241, I need not reach that issue because I conclude that the writ must be denied on other grounds. However, I note that a habeas petition would have to be filed in the district where Cheng is confined—the District of Minnesota. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Wherever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

perform the act in question," i.e., initiate proceedings under Section 1228(a). *Whitman*, 523 F.3d at 133; *see* 8 U.S.C. § 1228(a)(3)(B) ("Nothing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined."). Accordingly, a writ of mandamus may not issue to compel the Government to initiate removal proceedings under Section 1228.

Courts that have considered this issue have reached the same result. *See Nelson v. United States*, No. 23-cv-3254, 2023 U.S. Dist. LEXIS 179054, *3 (D.S.C. Oct. 4, 2023) (holding that 8 U.S.C. § 1228 "does not create an affirmative duty sufficient to bring a writ of mandamus, as Petitioner suggests."); *Rivera v. U.S. Att'y Gen.*, No. 23-cv-2227, 2023 WL 4936732, at *2 (D.S.C. July 13, 2023) ("The terms of [Section 1228] preclude Petitioner from compelling initiation of removal proceedings by any means, including a writ of mandamus."), *report and recommendation adopted*, No. 23-cv-2227, 2023 WL 4934114 (D.S.C. Aug. 2, 2023). For these reasons, Cheng's request for a writ of mandamus is denied.

### B.  *Motion to Strike*

In an unopposed motion to strike, Cheng contends that I should decline to consider the Government's argument—raised for the first time in its reply brief—that Cheng "never pursued any administrative remedies with BOP." (Doc. 30 at 1.) According to Cheng, my consideration of this argument would prejudice him because he was not afforded an opportunity to challenge it. Although courts enjoy "broad discretion . . . to consider arguments made for the first time in a reply brief," *Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Rep. of Venez.*, 341 F. App'x 722, 724 (2d Cir. 2009), I need not exercise my discretion here because my denial of Cheng's application for a writ of mandamus on other grounds compels me to deny the motion to

4

strike as moot. *See U.S. All. Fed. Credit Union v. Cumis Ins. Soc., Inc.*, No. 03-cv-10317 (PGG), 2009 WL 2914368, at *15 (S.D.N.Y. Sept. 11, 2009) (denying motion to strike as moot, where, as here, the court did not rely on challenged parts of the record).

### IV.     Conclusion

Accordingly, the Government's motion to dismiss is GRANTED, and Cheng's motion to strike is DENIED as moot. The Clerk of Court is respectfully directed to terminate the motions pending at Docs. 17 and 29 and to close this case. The Clerk of Court is also respectfully directed to mail a copy of this Order to Cheng at his current address.

SO ORDERED.

Dated: November 8, 2023
       New York, New York

Vernon S. Broderick
United States District Judge